1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   LARRY GLENN MALLORY,                      Civil No.    13cv0275 IEG (DHB)
     Inmate Booking No. 12527706,
12
                                              **ORDER:**
13                           Plaintiff,
                                              **1) DISMISSING DEFENDANTS**
14                                            **GORE, MADSEN, SAN DIEGO**
                                              **COUNTY, SAN DIEGO COUNTY**
15                 vs.                        **ATTORNEY, GBDF;**
16                                            **AND**
17   WILLIAM GORE; JIM MADSEN;                **2) DIRECTING U.S. MARSHAL TO**
     ZACHARY YARLING; SAN DIEGO               **EFFECT SERVICE OF SECOND**
18   COUNTY; SAN DIEGO COUNTY                 **AMENDED COMPLAINT**
     ATTORNEY; ZACHARY BAKER;                 **PURSUANT TO**
19   DEPUTY WHITE; GBDF,                      **FED.R.CIV.P. 4(c)(3)**
                                              **&  28 U.S.C. § 1915(d)**
20
                           Defendants.
21

22        **Procedural History**
23   **I.**

24        On February 1, 2013, Larry Mallory ("Plaintiff"), an inmate currently housed at the

25   George Bailey Detention Facility located in San Diego, California, and proceeding in pro se,

26   filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  On April 2, 2013, the Court granted

27   Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP"), but sua sponte dismissed his

28   Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  *See*

1   April 2, 2013 Order [ECF No. 10] at 7-8.  The Court granted Plaintiff leave to file an Amended

2   Complaint in order to correct the deficiencies of pleading identified.  *Id*.  Plaintiff was

3   specifically cautioned that any Defendant not re-named and any claim not re-alleged in his

4   Amended Complaint would be considered waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567

5   (9th Cir. 1987)).

6          On April 15, 2013, Plaintiff filed his First Amended Complaint. [ECF No. 12.] However,

7   before the Court could conduct the required sua sponte screening,  Plaintiff filed his Second

8   Amended Complaint ("SAC") [ECF No. 19] which omits previously named Defendants San

9   Diego County Attorney and GBDF.  Thus, Plaintiff claims against these Defendants are waived the

10  and the Clerk of Court is directed to terminate these Defendants from the docket.

11  **II.      Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

12         As discussed in the Court's previous Orders, because Plaintiff is proceeding IFP and is

13  a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must now review his Amended

14  Complaint sua sponte before service, and dismiss the entire action, or any part of his Amended

15  Complaint, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants

16  who are immune.  *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122,

17  1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but

18  requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a

19  claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

20         Before amendment by the Prison Litigation Reform Act ("PLRA"), the former 28 U.S.C.

21  § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203

22  F.3d at 1126, 1130.  An action is frivolous if it lacks an arguable basis in either law or fact.

23  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  However, 28 U.S.C. § 1915(e)(2) and § 1915A

24  mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to

25  dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P.

26  4(c)(3).  *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05

27  (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service

28  of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

1    Cir. 1998) (discussing 28 U.S.C. § 1915A).

2         "[W]hen determining whether a complaint states a claim, a court must accept as true all
3    allegations of material fact and must construe those facts in the light most favorable to the
4    plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
5    "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d
6    1113, 1121 (9th Cir. 2005).  In addition, the Court has a duty to liberally construe a pro se's
7    pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),
8    which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261
9    (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the
10   court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*
11   *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

12        **A.    Respondeat Superior**

13        It appears that Plaintiff seeks to hold Defendant Gore liable in his supervisory capacity.
14   However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*,
15   9 F.3d 1433, 1437-38 (9th Cir. 1993).   Instead, "[t]he inquiry into causation must be
16   individualized and focus on the duties and responsibilities of each individual defendant whose
17   acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844
18   F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order
19   to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual
20   Defendant which have a direct causal connection to the constitutional violation at issue.  *See*
21   *Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th
22   Cir. 1989).

23        Supervisory prison officials may only be held liable for the allegedly unconstitutional
24   violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what
25   extent they personally participated in or directed a subordinate's actions, and (2) in either acting
26   or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's
27   constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded,
28   however, Plaintiff's Second Amended Complaint fails to set forth facts which might be liberally

construed to support an individualized constitutional claim against Defendant Gore.   Thus, Defendant Gore is **DISMISSED** from this action for failing to state a claim upon which relief may be granted.

### B.       Fourteenth Amendment claims

Plaintiff alleges Defendant Madsen has not adequately responded to his administrative grievances in violation of his Fourteenth Amendment due process rights.    The Fourteenth Amendment provides that:  "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection.  *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). To state a procedural due process claim, Plaintiff must allege:  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process."  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

However, the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause.   *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

In addition, Plaintiff has failed to plead facts sufficient to show that prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner.  While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants:  (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in

relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff pleads nothing to suggest how the allegedly inadequate review and consideration of his inmate grievances resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84. Thus, the Court dismisses Plaintiff's Fourteenth Amendment claims and Defendant Madsen for failing to state a claim upon which relief may be granted.

### C.   Monell liability

Plaintiff also, once again, names the County of San Diego as a Defendant. "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1388 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

To establish municipal liability, plaintiff must show: (1) he was deprived of a constitutional right; (2) the city had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. at 1388; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Thus, in order to state a § 1983 claim against the City or County of San Diego, Plaintiff must allege facts showing that his injury was caused by individual officers whose conduct conformed to an official city policy, custom or practice. *See Karim-Panahi*, 839 F.2d at 624. Plaintiff has failed to allege any such facts and thus, the Court dismisses the claims against the County of San Diego for failing to state a claim upon which relief may be granted.

/ / /

### D.    Remaining claims

The Court finds that the remaining Eighth Amendment[1] and First Amendment retaliation claims found in Plaintiff's Second Amended Complaint are now sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Therefore, the Court will direct U.S. Marshal service on his behalf.  *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").  Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring."  *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.    CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.    Defendants San Diego County Attorney and GBDF are **DISMISSED** without prejudice.  *See King*, 814 F.2d at 567.  The Clerk of Court is directed to terminate these Defendants from the docket.

2.    Defendants Gore, Madsen and San Diego County are **DISMISSED** from this action for failing to state a claim upon which relief may be granted.  The Clerk of Court is directed to terminate these Defendants from the docket.

**IT IS FURTHER ORDERED that:**

3.    The Clerk shall issue a summons as to Plaintiff's Second Amended Complaint [ECF No. 19] upon Defendants Yarling, Baker and White, and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  In addition, the Clerk shall provide Plaintiff with a copy of this Order, the Court's April 2, 2013 Order granting Plaintiff

---

[1]  It is not clear whether Plaintiff is a prisoner or a pre-trial detainee at the time the events alleged in this action occurred.  However, the Ninth Circuit has held that a "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply."  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)

13cv0275 IEG (DHB)

leave to proceed IFP [ECF No. 10], and copies of his Second Amended Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Second Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

4.    Defendants are thereafter **ORDERED** to reply to Plaintiff's Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

5.    Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: May 31, 2013                    _____

**HON. IRMA E. GONZALEZ**
United States District Judge

13cv0275 IEG (DHB)